McCauley, J.
The court below excluded the testimony offered to prove the aggregate value of the property stated in the indictment, because the proof failed to show that every article of the property was embezzled. And proof of the value of the articles of property separately, was excluded because the value of each article of property was not alleged. Section 7215 of the Revised Statutes provides: “ That no indictment shall be deemed invalid, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected * * * when there is sufficient matter alleged to indicate the crime and person charged * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.” The plea of not guilty put in issue the fact of embezzlement of each article charged. And the value of the property charged, being stated in- the indictment, the plea put the value in issue also. It was enough that value was alleged in any way. It could be proved in the aggregate or by proving the value of each article separately. Proof of separate value is the same as proof of aggregate value; one is only the particulars of which the other is made up.
The question before the jury was, what articles of the property charged had the defendant embezzled, if any, and what was the value of these articles. Unless it could be shown that to allege the value in the aggregate would prevent the defendant from contesting the value of each article charged, or would restrict his right to offer testimony in his defense, or could make his defense more difficult or uncertain than to allege and prove it separately, the distinction between the two forms of the indictment is one in words only and not in substance. The statute requires the substance to be regarded and not the form.
*591 We are aware that precedents can be found for the shadowy distinction taken by the court below. There really never was any better reason for them than there is now under our statute. They have frequently and perhaps generally arisen from too strict an application or a misapplication of the rule which constrains courts, in cases of doubt, or possible doubt, to err in favor of life or liberty.

Exceptions sustained.